NOT YET SCHEDULED FOR ORAL ARGUMENT

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF CALIFORNIA et al., <br><br> Petitioners, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY et al., <br><br> Respondents. | No. 25-1174 |

## EPA'S RESPONSE TO
## PETITIONERS' MOTION TO HOLD CASE IN ABEYANCE

Respondents United States Environmental Protection Agency and Lee Zeldin, in his official capacity as Administrator of EPA (together, "EPA") submit this response to Petitioners' motion to hold this case in abeyance. Dkt. No. 2131140. While a brief abeyance of 45 days is appropriate for the parties to consider next steps, a longer abeyance is premature.

This is one of many current cases emerging from preemption waivers EPA issued to California under Section 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b), for a set of California vehicle-emissions regulations, and the subsequent disapprovals passed by Congress and signed by the President. *See Am. Free Enter.*

*Chamber of Com. v. Engine Mfrs. Ass'n*, Case No. 3:24-cv-50504 (N.D. Ill.); *Daimler Truck N. Am. LLC v. Cal. Air Res. Bd.*, Case No. 2:25-cv-02255 (E.D. Cal.); *California v. United States*, Case No. 4:25-cv-04966 (N.D. Cal.); *Am. Free Enter. Chamber of Com. v. EPA*, Case No. 25-89 (9th Cir.); *Am. Free Enter. Chamber of Com. v. EPA*, Case No. 25-106 (9th Cir.); *W. States Trucking Ass'n v. EPA*, Case No. 23-1143 (D.C. Cir.); *Valero Renewable Fuels Co. v. EPA*, Case No. 25-1078 (D.C. Cir.); *Am. Fuel & Petrochemical Mfrs. v. EPA*, Case No. 25-1083 (D.C. Cir.); *California v. EPA*, Case No. 25-5071 (9th Cir.).

While these cases all implicate the joint resolutions invalidating one or more of California's preemption waivers, they are spread across three districts and two circuits and many involve distinct parties, address different waivers, and are in distinct procedural postures. A brief abeyance of 45 days is appropriate to determine the most sensible path forward here. EPA reserves the right to move to dismiss the petition during that time. Alternatively, at the end of 45 days, EPA may agree that a longer stay is appropriate in this case. However, a stay of unknown duration is premature at this time.

Therefore, EPA requests that this case be held in abeyance for 45 days, with motions to govern due at the end of that period.

Submitted on August 29, 2025.

                                                ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*/s/ Jeffrey Hughes*
Jeffrey Hughes
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
202.305.4598
jeffrey.hughes@usdoj.gov

## CERTIFICATES OF SERVICE AND COMPLIANCE

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 331 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on August 29, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each represented party.

*/s/ Jeffrey Hughes*
Jeffrey Hughes
